### DANIEL F. WHITTIER

#### *vs.*

### JOHN A. WATERMAN, administrator, and others.

#### Cumberland.    Opinion September 15, 1883.

##### *Will.    Life estate.*

A testatrix, by her will which was duly probated and allowed, disposed of the residue of her estate as follows :

" *Sixth.*   All the balance of my property, real and personal, I give to my son, Daniel F. Whittier, (not including my household property, which I have otherwise disposed of,) five thousand dollars to be at his own disposal at once, the balance to be under his control.   Should he die leaving a wife and no children, his widow shall have two thousand dollars of this amount over the five thousand dollars.   Should he die leaving issue, said issue shall receive all over and above said five thousand dollars, and should he die leaving no widow or issue, all of said property, over and above said five thousand dollars, shall be equally divided among my grandchildren.   The legacies herein given my son Daniel are subject to certain gifts which I have specified to him in writing.   Should it be thought expedient to sell any real estate I may leave, my son Daniel may give deeds and apply the proceeds as provided by the provisions of this will. "   *Held;*

1. That the legacy was an absolute gift of five thousand dollars.

2. That Daniel F. Whittier was legatee for life of the residue, and as such, was entitled to the possession, control and income of it.

3. That the limitations over were not repugnant or void.

Bill in equity against the administrator with the will annexed, of Mary W. Whittier, and others, to obtain a construction of the sixth clause of the will, which is recited in the head-note.

The following questions were propounded by the bill :

First.  Does Daniel F. Whittier have the right to the possession and absolute control of the balance of the estate under the sixth section; and if so, when?

Second.  Are not the limitations over repugnant and void?

Third.  What is Daniel F. Whittier's interest in and title to the property bequeathed by said sixth section, over and above the five thousand dollars already paid him?

Fourth. Should not the administrator pay over the same to the said Daniel, directly upon his individual receipt, or are his rights those of a trustee?

*George B. Emery*, for the plaintiff, cited: 1 Redf. Wills, 420; *Delany* v. *VanAlden*, 84 N. Y. 16; *Bell* v. *Smith*, 6 Pet. 80; *Jones* v. *Bacon*, 68 Maine, 34; *Stuart* v. *Walker*, 72 Maine, 145; *Martin* v. *Martin*, L. R. 2 Eq. 404; *Copeland* v. *Barron*, 72 Maine, 206; *Sampson* v. *Randall*, 72 Maine, 109; 2 Redf. Wills, 442, 715, 716, 689, 699, 713; 3 Jarman, Wills, 47, 48; 3 Greenl. Cruise, *181; *Doughty* v. *Brown*, 4 Yeates (Pa.), 179; *Jackson* v. *Robins*, 16 Johns. 537; *Shaw* v. *Hussey*, 41 Maine, 495; *Brook* v. *Brook*, 3 Smale & G. 280; *Wisden* v. *Wisden*, 2 Smale & G. 396; 32 Beavan, 421; 4 Kent's Com. *270; *Jackson* v. *Bull*, 10 Johns. 19; *Campbell* v. *Brownrigg*, 1 Phillips' Ch. 301; *Wait* v. *Belding*, 24 Pick. 129; 11 Jarman, Wills, 1250, notes; *McDonald* v. *Walgrove*, 1 Sanf. Ch. (N. Y.) 274; *Smith* v. *Bell*, Mart. & Y. (Tenn.) 612; *Watkins* v. *Williams*, 3 Mac. & G. *622.

*Lewis Pierce*, for the defendants, cited: *Ramsdell* v. *Ramsdell*, 21 Maine, 288; *Stuart* v. *Walker*, 72 Maine, 146; *Copeland* v. *Barron*, 72 Maine, 206.

Symonds, J. The sixth clause of the will of Mary W. Whittier, plainly makes a distinction between the five thousand dollars given to Daniel F. Whittier "to be at his own disposal at once" and "the balance", which is "to be under his control."

What is the distinction intended? The legacy is an absolute gift of the five thousand dollars. What is the legatee's interest in the residue?

An examination of the whole clause shows, we think, that the testatrix intended to give the primary legatee, not the title to the remaining real and personal estate mentioned, but only the control and income of it during his life. This is implied in the fact already noticed that in the same sentence which gives him this residue, a sum is set apart, the five thousand dollars, of which he is to have the full power of immediate disposition.

What is called the balance is given to him to be under his control, not to be at his disposal, and as distinguished from the absolute gift.

The later provisions manifest the same intention. Should the legatee die leaving a widow and no children, she "shall have two thousand dollars of this amount over the five thousand dollars." If issue are living at his death, they "shall receive all over and above said five thousand dollars; and should he die leaving no widow or issue, all of said property over and above said five thousand dollars, shall be equally divided among my grand-children."

These provisions, for the residue above the five thousand dollars to go at the death of the primary legatee, in one event in part to his widow, in another event wholly to his children, or, they failing, to all the grandchildren of the testatrix, are strongly against the construction that the will intended to give full title to the first taker.

The power given to the legatee to convey real estate, "should it be thought expedient," and apply the proceeds according to the will, seems to assume, so far as it relates to this residue, that the will does not give him the fee. He is to convey in pursuance of the power, not in his own right; and the proceeds are not his property, but are to be used as the will directs.

Nor is this a case in which a life estate, which might otherwise arise by implication from the terms of a will, is enlarged to a fee by an added power or right to dispose of the property unconditionally. As to the residue in question, no such power or right is given by this will.

It follows (to answer the questions proposed by the bill) that under the sixth clause Daniel F. Whittier is a legatee for life of the residue of the estate described therein as "the balance to be under his control;" that as such legatee he has the right to the possession, control and income of it, (*Sampson* v. *Randall*, 72 Maine, 109), but that the estate is only for life and the limitations over are not repugnant or void.

*Decree accordingly.*

APPLETON, C. J., BARROWS, DANFORTH, VIRGIN and PETERS, JJ., concurred.